# UNITED STATES DISTRICT COURT
### for the
Middle District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.  8:20-mj-2256 AEP |
| Darwin Hipolito Miraba Franco, | ) | |
| Ronnie Erick Vasquez Reyes, and | ) | |
| Jorge Alberto Castillo-Alegria | ) | |
| | ) | |
| | ) | |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ December 9, 2020 _____ in the county of _____ Hillsborough _____ in the

_____ Middle _____ District of _____ Florida _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 46 U.S.C. §§ 70503(a) and 70506 (a) and (b), and 21 U.S.C. § 960(b) (1)(G). | Conspiracy to distribute and possess with intent to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a controlled substance |

This criminal complaint is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Robert A. Lauria, Special Agent FBI
_____
*Printed name and title*

Sworn to before me over the telephone and signed by me pursuant to Fed.R.Crim.P. 4.1 and 4(d),

Date: 12/14/20
_____
*Judge's signature*

City and state: _____

ANTHONY E. PORCELLI, Magistrate Judge
_____
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

Your affiant, Robert A. Lauria, being duly sworn, deposes and states the following:

1.     I am a Special Agent employed by the Federal Bureau of Investigation (FBI). I have been so employed with the FBI since March 30, 2008. Based on my training and experience as a Special Agent with FBI, I have conducted investigations concerning violations of Title 21, United States Code, Sections 959 and 960, which prohibit the production, transportation, importation, distribution and possession of illegal drugs, including cocaine, and violations of Title 46 Appendix, United States Code, Section 70503 (the Maritime Drug Law Enforcement Act), which prohibits drug trafficking on the high seas, including the possession with intent to distribute cocaine on vessels subject to the jurisdiction of the United States. Through these investigations, I have become familiar with the means and methods narcotics traffickers use to transport, import and distribute illicit drugs, as well as the support and assistance that narcotics organizations require to conduct their illegal activities.

2.     Since April of 2017, I have been assigned as a Special Agent to Operation Panama Express South Strike Force. Operation Panama Express is a federally approved Organized Crime Drug Enforcement Strike Force

(OCDETF) investigation being conducted by the Drug Enforcement Administration (DEA), the Federal Bureau of Investigation (FBI), Homeland Security Investigations (HSI), the United States Coast Guard (USCG), the Internal Revenue Service (IRS) and state and local law enforcement agencies. Investigations initiated by Operation Panama Express are prosecuted in the Middle District of Florida (Tampa Division). Special Agents assigned to Operation Panama Express currently investigate cocaine smuggling organizations that are responsible for the transportation of cocaine through international waters of the Caribbean Sea and Eastern Pacific Ocean (via vessel) to transshipment locations for later introduction and distribution to the United States.

3.     This affidavit is submitted in support of a criminal complaint and the issuance of arrest warrants for the following individuals:

a.     Darwin Hipolito **MIRABA FRANCO** (Ecuadorian National)

b.     Ronnie Erick **VASQUEZ REYES**     (Ecuadorian National)

c.     Jorge Alberto **CASTILLO ALEGRIA** (Colombian National)

who knowingly and willfully conspired to possess with the intent to distribute one (5) kilograms or more of cocaine, a Schedule II controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503 and 70506, Title 18, United States Code, Section 2, and Title 21, United States Code, Section 960(b)(1)(B)(ii).

4.    The information contained herein is either personally known to me or has been provided to me by other law enforcement officers with whom I have worked on this investigation. This affidavit is submitted for the limited purpose of establishing probable cause for the criminal charges set forth herein and, therefore, does not contain each and every fact known to me or other law enforcement agents concerning this investigation.

5.    The United States Coast Guard ("USCG") has the authority under 14 U.S.C. § 89 to make inquiries, examinations, inspections, searches, seizures, and arrests upon the high seas and waters over which the United States has jurisdiction, in order to enforce federal laws.

### Probable Cause

6.    On or about December 9, 2020, while on routine patrol in the Eastern Pacific Ocean, the USCGC ACTIVE located a suspect low-profile vessel ("LPV") carrying three defendants approximately 675 nautical miles ("NM") southwest of Acapulco, Mexico, in international waters. The ACTIVE

launched its helicopter ("HELO") and two over the horizon ("OTH") vessels to intercept the vessel. District Eleven granted Airborne Use of Force to compel compliance and granted the OTH vessel the right to conduct a Right of Visit boarding.

7.      No crewmember on board the vessel claimed to be the Master of the LPV, nor was a claim of nationality made. The vessel, therefore, was treated as a vessel without nationality and subject to the jurisdiction of the United States.

8.      On board the vessel, boarding team recovered approximately one hundred and twenty bales of suspected contraband with an at sea weight of 2,372 kilograms. Subsequent a narcotics identification kit testing conducted on the unknown substance yielded positive results for the presence of cocaine.

9.      The three crewmembers of the vessel were subsequently identified as Darwin Hipolito MIRABA FRANCO, Ronnie Erick VASQUEZ REYES, and Jorge Alberto CASTILLO ALEGRIA.

## Conclusion

10.   Based on my training, experience, and knowledge of the investigation, I believe that there is probable cause to believe that the three defendants knowingly and willfully conspired with each other and other persons to possess with intent to distribute five kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503 and 70506, Title 18, United States Code, Section 2, and Title 21, United States Code, Section 960(b)(1)(B)(ii), as described herein.

Robert A. Lauria
Special Agent
Federal Bureau of Investigation

Affidavit submitted by email and attested to me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1 and 41 (d) (3), before me this ___ day of December, 2020.

ANTHONY E. PORCELLI
United States Magistrate Judge

5